**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| KILAH THOMAS,<br>PLAINTIFF,<br><br>v.<br><br>NPG ASSOCIATES, INC.,<br>BAYVIEW SOLUTIONS LLC,<br>TEXAS BONDING COMPANY, and<br>ENDURANCE ASSURANCE CORPORATION,<br>DEFENDANTS. | CASE NO.: 4:25-cv-6232 |

## COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).
2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.
3. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Texas Finance Code by NPG Associates, Inc. ("NPG"), Bayview Solutions LLC ("Bayview") (NPG and Bayview collectively referred to as "Defendants" hereinafter).
4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that defendants transacts business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.
5. Plaintiff resides in this District.

## PARTIES

6. Plaintiff, Kilah Thomas ("Plaintiff"), is an adult individual residing in Harris County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. NPG is a business entity operating from the Los Angeles, California area.

8. NPG can be served in Texas via its registered agent, Registered Agents, Inc. at 5900 Balcones Drive, Suite 100, Austin, TX 78731, or as permitted by Texas or California law or the Federal Rules of Civil Procedure.

9. NPG states on its website (www.npgassociates.com/our-services/) (last visited October 8, 2025):

> Our Account Receivable Management Solutions are designed to optimize your financial operations and streamline your cash flow. We take the burden of managing and collecting outstanding receivables off your shoulders, ensuring timely payments and improved financial stability.

10. As will be described below, NPG attempted to collect a defaulted financial obligation from Plaintiff via telephone communications.

11. The principal purpose of NPG is the collection of debts using the mails and telephone and other means.

12. NPG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

13. NPG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

14. Bayview is a company operating from St. Petersburg, Florida.

15. Bayview can be served in the state of Florida via its registered agent, Registered Agent Solutions, Inc., at 2894 Remington Green Ln., Suite A, Tallahassee, FL 32308, or in accordance with the Federal Rules of Civil Procedure or the laws of the state of Texas or the laws of the state of Florida.

16. Bayview advertises on its website (www.bvs-llc.net) (last visited October 8, 2025):

> Our outsourcing service is the perfect solutions for clients with limited manpower or time resources. Acting as an extension of your business, we contact your clients for you. We resolved delinquent accounts quickly to generate the maximum recovery of your receivables.

17. As will be described below, Bayview, or someone acting on its behalf, communicated with Plaintiff for the purpose of collecting an allegedly defaulted financial obligation.

18. The principal purpose of Bayview is the collection of debts using the mails and telephone and other means.

19. Bayview regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

20. Bayview is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

21. Texas Bonding Company ("TBC") is a surety company for a bond Bayview has on file with the Texas Secretary of State, bond number 100609853. TBC is liable for acts committed by Bayview pursuant to, and to the extent provided by, Chapter 392 of the

Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

22. TBC is a foreign entity that can be served in the state of Texas via its registered agent, National Registered Agents Inc., at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

23. Endurance Assurance Corporation (“EAC”) is a surety company for a bond NPG has on file with the Texas Secretary of State, bond number EACX3002011. EAC is liable for acts committed by NPG pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

24. EAC is a foreign entity that can be served in the state of Texas via its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

## FACTUAL ALLEGATIONS

25. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the “Account”). Specifically, the account was an old payday loan obtained from a company operating as “Cash Store,” the funds from which were used to pay for various personal effects, but was not used for any business or commercial purposes.

26. The Account constitutes a “debt” as that term is defined by 15 U.S.C. § 1692a(5) and is a “consumer debt” as that term is defined by Tex. Fin. Code § 392.001(2).

27. The Account allegedly went into default with the original creditor.

28. Plaintiff admits the existence of the Account, but disputes the amount Defendants attempted to collect from her.

29. Because of the fraudulent nature of the business practices employed by Defendants as described below, Plaintiff respectfully requests that Defendants cease all further communications regarding the Account.

30. After the Account allegedly went into default, the Account was purchased by Bayview for collection.

31. Thereafter, Bayview hired NPG to communicate directly with Plaintiff to collect the Account.

32. In the one year prior to the filing of this Complaint, on multiple occasions, employees and/or agents of NPG called Plaintiff and threatened directly or impliedly that if Plaintiff did not repay the Account she would be sued. Specifically in one or more calls, NPG described that it was going to "submit this to our attorneys" if payment was not received.

33. This threat to send the Account to NPG's "attorneys" was false and misleading and deceptive as NPG has never sued anyone in the state of Texas to recover a defaulted consumer financial obligation and on information and belief did not have any attorneys to send the Account to for legal enforcement as implied at the time of the statement.

34. In order to avoid the threatened perils, Plaintiff paid NPG approximately $125.

35. When Plaintiff could not afford to pay NPG more money, NPG began calling Plaintiff's fiancé and the mother of Plaintiff's fiancé to communicate messages in such a way that it would coerce additional payments from Plaintiff.

36. In its communications with Plaintiff's fiancé and the mother of Plaintiff's fiancé, NPG implied or stated directly falsely that it was going to pursue Plaintiff in a legal proceeding to recover the balance of the Account.

37. NPG did not have Plaintiff's consent to communicate with her fiancé or the mother of her fiancé.

38. NPG spoke with Plaintiff in a rude and condescending manner, cutting her off and hanging up on her. NPG's treatment of Plaintiff on the phone amounted to harassment.

39. In its first communication with Plaintiff, NPG demanded that Plaintiff make a payment that day in order to avoid the threatened perils of being sued.

40. This threat to sue her if she did not repay the account on the first day of communication with her overshadowed her right to request validation of the Account or to otherwise dispute the Account.

41. NPG never provided Plaintiff with notice of her rights to dispute the debt or to request validation of the debt as required by 15 U.S.C. § 1692g.

42. In one or more communication with Plaintiff, NPG failed to inform Plaintiff that it was a debt collector, that it was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

43. By demanding immediate payment on the Account, NPG overshadowed Plaintiff's right to validation and/or to dispute the Account.

44. NPG did not provide Plaintiff with meaningful disclosure of its identity in its communications with Plaintiff.

45. The sole purpose of NPG for making the statements described above was to intimidate Plaintiff into making a payment on the Account.

46. The purpose of NPG calling Plaintiff was to attempt to collect the Account.

47. The telephone calls described above each constituted a "communication" as defined by FDCPA § 1692a(2).

48. The only reason that NPG and/or its representative(s), employee(s) and/or agent(s) made telephone call(s) to Plaintiff was to attempt to collect the Account.
49. Bayview knew that NPG repeatedly or continuously engaged in collection practices as described above.
50. Bayview had actual knowledge that NPG repeatedly or continuously engaged in acts or practices prohibited by Chapter 392 of the Texas Finance Code.
51. Bayview profits from the repeated and continued illegal collection practices of NPG.
52. All of the conduct by NPG and/or Bayview and/or their respective employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.
53. As a consequence of Defendants' collection activities and communication(s), Plaintiff seeks damages and attorneys fees and costs pursuant to 15 U.S.C. § 1692k and damages, an injunction, attorneys fees and costs pursuant to Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

54. The representative(s) and/or collector(s) at NPG were employee(s) and/or agents of NPG at all times mentioned herein.
55. The representative(s) and/or collector(s) at NPG were acting within the course of their employment at all times mentioned herein.
56. The representative(s) and/or collector(s) at NPG were under the direct supervision and control of NPG at all times mentioned herein.
57. The actions of the representative(s) and/or collector(s) at NPG are imputed to their employer, NPG.
58. Bayview was aware of and profited from the collection methods and practices used by the employees of NPG.

59. The actions of NPG are imputed to Bayview.

**COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.**
**BY NPG ASSOCIATES, INC.**

60. The previous paragraphs are incorporated into this Count as if set forth in full.

61. The act(s) and omission(s) of NPG and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and § 1692d generally and § 1692d(2)&(6) specifically and §1692e generally and specifically §1692e(2)&(3)&(4)&(5)&(8)&(10)&(11)&(13) and §1692g(a).

62. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from NPG.

**COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE**
**BY NPG ASSOCIATES, INC.**

63. The previous paragraphs are incorporated into this Count as if set forth in full.

64. The act(s) and omission(s) of NPG and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.301(a)(7)&(8) and §392.302(1)&(2) and §392.304(a)(4)&(5)& (8)&(12)&(13)&(14)&(17)&(19).

65. Pursuant to Tex. Fin. Code §392.403(a)(1), Plaintiff seeks an injunction against NPG enjoining it from future violations of the Texas Finance Code as described herein.

66. Pursuant to Tex. Fin. Code §392.403(a)(2) Plaintiff seeks damages from NPG.

67. Pursuant to Tex. Fin. Code §392.403(b) Plaintiff seeks attorney's fees and costs from NPG.

**COUNT III: INVASION OF PRIVACY (INTRUSION ON SECLUSION)**
**BY NPG FINANCIAL SERVICES LLC**

68. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all

other allegations herein to the extent they are not inconsistent with the cause of action pled here, NPG is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). NPG intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

69. Plaintiff suffered actual damages from NPG as a result of the intrusion on Plaintiff's privacy.

**COUNT IV: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**
**BAYVIEW SOLUTIONS LLC**

70. The previous paragraphs are incorporated into this Count as if set forth in full.

71. By influencing and/or controlling and/or ratifying and/or profiting from the conduct of NPG, and/or via respondeat superior theory, Bayview is liable for the act(s) and omission(s) of NPG and its representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692c(b) and § 1692d generally and § 1692d(2)&(6) specifically and §1692e generally and specifically §1692e(2)&(3)&(4)&(5)&(8)&(10)&(11)&(13) and §1692g(a).

72. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Bayview.

**COUNT V: VIOLATIONS OF THE TEXAS FINANCE CODE**
**BAYVIEW SOLUTIONS LLC**

73. The previous paragraphs are incorporated into this Count as if set forth in full.

74. By influencing and/or controlling and/or ratifying and/or profiting from the conduct of NPG, and/or via respondeat superior theory, Bayview is liable for the act(s) and omission(s) of NPG and its representative(s), employee(s) and/or agent(s) for violations

of Tex. Fin. Code §392.301(a)(7)&(8) and §392.302(1)&(2) and §392.304(a)(4)&(5)&(8)&(12)&(13)&(14)&(17)&(19).

75. The act(s) and omission(s) of Bayview and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.306.

76. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Bayview.

77. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Bayview enjoining it from future violations of the Texas Finance Code as described herein.

**COUNT VI: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BAYVIEW SOLUTIONS LLC**

78. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Bayview is liable to Plaintiff for colluding with NPG and/or Samer to invade Plaintiff's privacy (intrusion on seclusion). Bayview intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

79. Plaintiff suffered actual damages from Bayview as a result of the intrusion on Plaintiff's privacy.

**COUNT VII: IMPUTED LIABILITY OF TEXAS BONDING COMPANY**

80. The previous paragraphs are incorporated into this Count as if set forth in full.

81. The act(s) and omission(s) of Bayview and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.301(a)(7)&(8) and §392.302(1)&(2) and

§392.304(a)(4)&(5)& (8)&(12)&(13)&(14)&(17)&(19) and Tex. Fin. Code §392.306 as described above are imputed to TBC pursuant to Tex. Fin. Code §392.102.

82. Pursuant to Tex. Fin. Code §392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from TBC.

**COUNT VIII: IMPUTED LIABILITY OF ENDURANCE ASSURANCE CORPORATION**

83. The previous paragraphs are incorporated into this Count as if set forth in full.

84. The act(s) and omission(s) of NPG and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.301(a)(7)&(8) and §392.302(1)&(2) and §392.304(a)(4)&(5)& (8)&(12)&(13)&(14)&(17)&(19) as described above are imputed to TBC pursuant to Tex. Fin. Code §392.102.

85. Pursuant to Tex. Fin. Code §392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from TBC.

**EXEMPLARY DAMAGES**

86. Exemplary damages should be awarded against NPG and Bayview because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by NPG and Bayview to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that NPG's and/or Bayview's actions and/or omissions (i) when viewed objectively from NPG's and/or Bayview's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that NPG had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to Plaintiff's rights, safety, or welfare.

## **JURY TRIAL DEMAND**

87. Plaintiff is entitled to and hereby demands a trial by jury.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following:

88. Judgment in favor of Plaintiff and against NPG Associates, Inc. as follows:

   a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

   e. Statutory damages of not less than $100 for each violation of the chapter in which Texas Fin. Code §392.403(e) is codified;

   f. An injunction permanently enjoining NPG following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1);

   g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403(b); and

   h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

   i. Such other and further relief as the Court deems just and proper.

89. Judgment in favor of Plaintiff and against Bayview Solutions LLC as follows:

   a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

e. Statutory damages of not less than $100 for each violation of the chapter in which Texas Fin. Code §392.403(e) is codified;

f. An injunction permanently enjoining Pioneer following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1);

g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403(b); and

h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

i. Such other and further relief as the Court deems just and proper.

90. Judgment in favor of Plaintiff and against Texas Bonding Company as follows:

a. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403 as awarded against Bayview; and

b. Such other and further relief as the Court deems just and proper.

91. Judgment in favor of Plaintiff and against Endurance Assurance Corporation as follows:

a. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403 as awarded against NPG; and

b. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood

Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
11610 Pleasant Ridge Rd.
Suite 103 – Box 208
Little Rock, AR 72223
TEL: 214-914-8374
FAX: 888-598-9022
EMAIL: jeff@jeffwoodlaw.com

Attorney for Plaintiff